IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JESSE HARRIS, #116733 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 1:04-1018-T/An |
| | ) | |
| FRED RANEY, *et. al.* | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION OF PLAINTIFF FOR LEAVE OF COURT TO
DEPOSE DEFENDANTS BEFORE MAGISTRATE

Plaintiff Jesse Harris ("Plaintiff") filed a *pro se* civil rights complaint against defendants Fred Raney, Andy Haynes, and Brent Long ("Defendants"). Plaintiff is an inmate in the Tennessee Department of Corrections ("TDOC") system who was formerly incarcerated at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee. Plaintiff is no longer an inmate at NWCX, but he has been transferred to a facility in Nashville, Tennessee. Defendants are present and former prison officials at NWCX. Before the court is Plaintiff's motion for an order allowing Plaintiff and requiring Defendants to appear before the United States Magistrate in order for Plaintiff to conduct a deposition upon oral examination of Defendants.

To the extent that Plaintiff merely seeks the court's permission to depose Defendants, Rule 30(a)(1) provides that, in general, "[a] [p]arty may take the deposition of any person

. . . by deposition upon oral examination without leave of court." FED. R. CIV. P. 30(a)(1). Plaintiff, however, seeks more than mere permission to take depositions. Instead, Plaintiff seeks an order to Defendants to pay for the cost of traveling to the depositions, as well as an order that Defendants pay for the cost of transcribing the depositions and of making copies of the transcriptions. Furthermore, the logical result of the order Plaintiff requests would force state prison officials to disrupt the daily administration of the state prison system in order to transport Plaintiff to the Magistrate's Chambers for the proposed depositions. Plaintiff has cited no authority for the relief sought in the instant motion.

If Plaintiff is unable, on his own, to arrange for oral depositions of Defendants in accordance with the procedures specified in the rules of procedure, Plaintiff is reminded that there are other means for taking depositions and for obtaining discovery. See, e.g., FED. R. CIV. P. 31 (written depositions), 33 (interrogatories), & 36 (requests for admission).

For the foregoing reasons, Plaintiff's Motion for an Order directing Plaintiff and Defendants to appear before the Magistrate in order for Plaintiff to depose Defendants is DENIED.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

/ November 2005
_____
DATE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 41 in case 1:04-CV-01018 was distributed by fax, mail, or direct printing on November 4, 2005 to the parties listed.

---

Arthur Crownover
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 20207
Nashville, TN 37202--020

Fred Raney
90 Keystone Dr.
Tiptonville, TN 38079

Andy Haynes
Northwest Correctional Complex
960 State Route 212
Tiptonville, TN 38079

Jesse Harris
Riverbend Maximum Security Instution
116733
7475 Cockrill Bend Ind. Blvd.
Nashville, TN 37209--104

Honorable James Todd
US DISTRICT COURT